UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LORI TENAN | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. 15-cv-5170 |
| v. | ) |
| | ) Judge John W. Darrah |
| STRATEGIQ COMMERCE, LLC, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff Lori Tenan filed suit against Defendant StrategIQ Commerce, LLC, on June 11, 2015, alleging breach of contract and violation of the Illinois Sales Representative Act. 820 ILCS 120/0.01 *et seq*. Defendant moves to stay these proceedings or, in the alternative, to dismiss this action for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2). Plaintiff opposes Defendant's Motion. For the reasons provided below, Defendant's Motion [10] is denied.

## BACKGROUND

The following is taken from the Complaint and the parties' submissions. Plaintiff is a resident of the State of California. (Dkt. 1 ¶ 1.) StrategIQ is an Illinois corporation organized under the laws of the State of Illinois with its principal offices in Cook County, Illinois. (Dkt. 1 ¶ 2.) Plaintiff began working for StrategIQ in the fall of 2008. In November 2012, Plaintiff and StrategIQ entered into an employment agreement. This employment agreement allowed Plaintiff to opt out of employment and become an independent contractor instead. (Dkt. 1 ¶¶ 8 - 10; Dkt 11.) On May 18, 2013, Plaintiff exercised that right by providing written notice that she was

exercising her option to terminate her employment and become an independent contractor. (Dkt. 1 ¶ 11.) StrategIQ then terminated Plaintiff's agreement. (Dkt. 1 ¶ 12.)

On August 7, 2013, while still employed by StrategIQ, Plaintiff filed suit in the Circuit Court of Cook County, Chancery Division ("Circuit Court"), alleging breach of her employment contract for StrategIQ's alleged failure to recognize her independent contractor status. (Dkt. 11.) StrategIQ moved to dismiss that complaint on September 9, 2013. (Dkt. 11.) Plaintiff then filed a motion to voluntarily dismiss her case and filed suit in Los Angeles County Superior Court. (Dkt. 15.) StrategIQ terminated Plaintiff on November 15, 2014. Plaintiff's suit in California was subsequently dismissed when the California court ruled that the forum selection clause in her employment contract was enforceable. (Dkt. 11.) Plaintiff filed a Complaint in this Court on June 11, 2015. (Dkt. 1.) StrategIQ now moves to stay this litigation pursuant to the *Colorado River* Abstention Doctrine or, in the alternative, to dismiss this action for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2). C*olorado River Water Conservation District v. United States,* 424 U.S. 800 (1976).

## LEGAL STANDARD

Under the rule established in *Colorado River*, a federal court may stay or dismiss a suit in federal court when a concurrent state court case is underway if it would promote "wise judicial administration" and only under exceptional circumstances. *Colorado River,* 424 U.S. at 817 –18; *Freed v. J.P. Morgan Chase Bank, N.A.*, 756 F.3d 1013, 1018 (7th Cir. 2014). To determine whether a stay is appropriate, the court must determine: (1) whether the state and federal court actions are parallel; and (2) if the proceedings are parallel, whether abstention is proper. *Id.* The court must weigh ten non-exclusion factors to determine whether abstention is proper. "The factors are: (1) whether the state has assumed jurisdiction over property; (2) the

inconvenience of the federal forum; (3) the desirability of avoiding piecemeal litigation; (4) the order in which jurisdiction was obtained by the concurrent forums; (5) the source of governing law, state or federal; (6) the adequacy of state court action to protect the federal plaintiff's rights; (7) the relative progress of state and federal proceedings; (8) the presence or absence of concurrent jurisdiction; (9) the availability of removal; and (10) the vexatious or contrived nature of the federal claim." *Freed v. J.P. Morgan Chase Bank, N.A.*, 756 F.3d 1013, 1018 (7th Cir. 2014); *Tyrer v. City of South Beloit, Ill.,* 456 F.3d 744, 754 (7th Cir. 2006). If the court finds that the actions are not parallel, the *Colorado River* doctrine does not apply. *Id.*

## ANALYSIS

*Motion to Stay*

StrategIQ's Motion to Stay is based primarily on the Agreed Order of Voluntary Dismissal Without Prejudice issued by the Circuit Court. While Plaintiff's suit was ongoing, StrategIQ filed an Emergency Motion for the return of its property and to prevent Plaintiff from destroying potentially relevant evidence. (Dkt. 11.) On January 13, 2014, the Circuit Court ordered the parties to negotiate the return of StrategIQ's property. While the parties were negotiating Plaintiff's compliance, Plaintiff filed a motion to voluntarily dismiss her suit. After Plaintiff complied with the January 13 Order, the Circuit Court entered an Agreed Order of Voluntary Dismissal Without Prejudice ("Agreed Order"). The Agreed Order states:

> 2. Notwithstanding this Order of Voluntary Dismissal, the parties recognize that each party has ongoing discovery and preservation obligations that must be satisfied in accordance with this Court's prior Orders. Should a party fail to comply with this Court's prior Order regarding discovery and preservation, then the parties consent to this Court presiding over those motions.

(Dkt. 11 Exh. A-7.) StrategIQ argues that because the Circuit Court retained jurisdiction over the parties' preservation and discovery obligations, Plaintiff's state lawsuit is ongoing and there is a possibility that the parties will be litigating in two different forums. (Dkt. 10 ¶ 6.)

The *Colorado River* doctrine is inapplicable here. The Agreed Order plainly states that that the Circuit Court has jurisdiction "[s]hould a party fail to comply with this Court's prior Order regarding discovery and preservation . . . ." Plaintiff's Complaint alleges breach of contract and a violation of the Illinois Sales Representative Act. The Agreed Order references the discovery and preservation issues in relation to the January 13 Order. These are separate issues. Should either party fail to comply with that Order and file a motion accordingly, compliance with that Order is a separate matter from Plaintiff's claims here. By StrategIQ's own admission, the Circuit Court took Plaintiff's Motion for Voluntary Dismissal under advisement until she complied with its January 13 Order. StrategIQ contends that they "remain concerned" that Plaintiff failed to turn over several emails but does not provide any evidence to support that contention. Even if StrategIQ chooses to file a motion regarding these emails, the Circuit Court's jurisdiction would be limited to enforcement of its prior Order, and not the merits of Plaintiff's dismissed claims. Further, StrategIQ cannot effectively ask this Court to invoke the *Colorado River* doctrine by filing a complaint in state court concurrent with their Reply to Plaintiff's Response to their Motion here[1].

---

[1] StrategIQ notes that they filed a complaint in state court, seeking damages and injunctive relief arising from Plaintiff's alleged breaches of her employment agreement, breach of fiduciary duty, and tortious interference with prospective economic advantage. (Dkt. 19.)

*Motion to Dismiss Per Federal Rule of Civil Procedure 12(b)(2)*

Defendant argues that Plaintiff's Complaint must be dismissed because summons issued unsigned and unsealed. A defendant may move to dismiss a claim for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2). Federal Rule of Civil Procedure 4(a)(1) provides that "[a] summons must: . . . (F) be signed by the clerk; and (G) bear the court's seal. Fed. R. Civ. P. 4. However, the court may permit a summons to be amended. Fed. R. Civ. P. 4(a)(2). Except in exigent circumstances, "courts freely allow amendments to service of process so as not to deny a plaintiff his day in court for failing to observe mere technicalities." *Richard v. Sun Elec. Corp.,* No. 89 C 20152, 1990 WL 39801, at *1 (N.D. Ill. Mar. 15, 1990). While the summons was unsigned by a clerk of the court, it was issued to StrategIQ on June 12, 2015, and it was returned executed. StrategIQ had notice of Plaintiff's suit and responded accordingly. Thus, StrategIQ's motion to dismiss Plaintiff's claim for lack of personal jurisdiction is denied.

## CONCLUSION

For the reasons set forth above, Defendant's Motion [10] is denied.

Date:   November 12, 2015   　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　JOHN W. DARRAH
　　　　　　　　　　　　　　　　　　　　　　　United States District Court Judge